**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| In Re | **Chapter 7** |
| **Irina Puglisi,**<br>**And Giuseppe Puglisi** | Case No. 16-45105 |
| **Debtors** | |

_____

## MOTION TO ALLOW DEBTOR GIUSEPPE PUGLISI TO APPEAR TELEPHONICALLY AT THE SECTION 341 MEETING OF CREDITORS

Debtor, Giuseppe Puglisi, through his counsel, Shipkevich PLLC, respectfully asks the court to allow his appearance by telephone at the adjourned 341 Meeting of Creditors and in support thereof avers as follows:

1. Debtor, Irina Puglisi sought the assistance of this counsel to file bankruptcy on behalf of herself and her husband, Debtor, Giuseppe Puglisi.

2. Mrs. Puglisi had been forced to stop working in order to be at home to take care of her husband who suffers from many medical problems. These ailments had caused the couple significant financial troubles.

3. Mr. Puglisi's Power of Attorney is his wife and with her assistance, he reviewed and signed the bankruptcy petition. A copy of the Power of attorney is attached hereto as Exhibit A.

4. The Debtors, Irina Puglisi and Giuseppe Puglisi filed for bankruptcy relief under chapter 7 on November 11, 2016.

5. Irina Puglisi appeared with proper identification and verification of social security number, and testified at the scheduled Section 341 Meeting of Creditors on December 14, 2016.

6. At this time, Mrs. Puglisi notified counsel that her husband was unable to attend this meeting due to his worsening health conditions.

7. Mrs. Puglisi indicated that he would not likely be able to attend any future meetings either for this reason because it is impossible for her to facilitate moving him from the home. Letters from Mr. Puglisi's doctor with detailed explanations are attached hereto as Exhibit B.

8. Although Section 341 requires both Debtors to appear at the meeting when spouses file for bankruptcy, some exceptions have been made when a Debtor is gravely ill as is the case here.

9. Several courts have acknowledged that in some cases a Debtor's physical appearance may not be possible, see, e.g. In re Vilt, 56 B.R. 723 (Bankr. N.D. Ill. 1986); In re Stewart, 14 B.R. 959 (Bankr. N.D. Ohio 1981), has recognized the mandatory language in Section 341, while acknowledging that physical limitations, such as a medical condition or overseas military deployment, may make personal appearance impossible. Quite often, the Court has allowed trustee to conduct the 341 meeting telephonically.

10. at 6, filed on June 9, 2015, in In re Neider, Case No. 15-10681-JDL (citing In re Sochia, 231 B.R. 158 (Bankr. W.D. N.Y. 1999)).

11. In the past, the Bankruptcy Courts have afforded Debtor the opportunity to obtain a credit counseling waiver. *In re Ginsberg*, 354 B.R. 644 (Bankr. E.D.N.Y. 2006). In order to obtain the waiver, the court must determine that the debtor's incapacity, disability, or active military duty in military combat zone precludes him from satisfying the counseling

       requirement. *Id*. Whereas Debtor Giusspe Puglisi has satisfied his counseling requirement, his disability and detrimental health precludes him from traveling.

12. The Debtor in <u>In re Swiatkowski</u> argued that he was unable to attend or obtain credit counseling because he was "so disabled or incapacitated that he could not pick up the phone" to partake in a credit counseling briefing. 356 B.R. 581, 585 (Bankr. E.D.N.Y. 2006). Unlike the debtor in <u>In re Swiatkowski</u>, the Debtor at issue has supporting documentation consistent with his inability to appear at the 341 meeting. In addition, the Debtor seeks to comply with the requisite Bankruptcy Procedures and is requesting the court to be present in the 341 meeting via telephone.

13.

Wherefore, the Debtor asks the Court to allow the Debtor to appear at the adjourned Section 341 Meeting of Creditors telephonically and for such further relief as the Court deems just and proper.

January 8, 2017                                                                 <u>*/s/ Irene Costello*</u>
                                                                                                 Irene Costello, Esq.
                                                                                                 Shipkevich, PLLC
                                                                                                65 Broadway, Suite 508
                                                                                                New York, New York 10006
                                                                                                212-252-3003